### Parsons v. Stanton.

#### In the Court below,

GEORGE W. STANTON, and SALLY, his wife, *Plaintiffs ;* ENOCH PARSONS, Sheriff of Middlesex County, *Defendant.*

The marshal for the District of Connecticut may be imprisoned in the gaols of this State for debt.

THIS was an action for the escape of *Joseph Wilcox* 2d, from Haddam gaol, in the county of Middlesex.

The defendant pleaded in bar, that said *Wilcox*, at the time of the alleged escape, was Marshal of the United States for the District of Connecticut ; and that, by virtue of the statute authorizing the use of the gaols in this state for the confinement of prisoners under the authority of the United States, (a) he was keeper of the gaol wherein he was imprisoned, and equal in authority with the defendant ; and that the defendant, having no right to detain him, permitted him to depart.

The plaintiffs replied, that no persons had been, at any time, committed to, or confined in Haddam gaol, under the authority of the United States.

To this there was a demurrer.

The replication was adjudged sufficient.

*Ingersoll*, and *Dana*, for the plaintiffs in error, contended, that the marshal was not liable to imprisonment for debt in the gaols of this state, first, from the nature of his office as compared with that of sheriff under the laws of the several states ; and secondly, from the provisions of our statute authorizing the marshal to use our gaols for the safe-keeping of his prisoners.

(a) *Stat.* 224, *edit.* 1796.

1. The sheriff is not liable to arrest, or imprisonment, by civil process, either in his own county, or in any other. This principle of law is founded in public policy. As the sheriff is *ex officio* keeper of the prison, an imprisonment of his person would operate as a release to the prisoners of the county. Such are the very terms of the decision in *Avery* v. *Wetmore*. (*b*) So it has been held, with regard to the marshal of the marshalsea of the King's Bench, that the consequence of his commitment would be an escape of all the prisoners under his care. (*c*) It is necessary to the existence of government, there should be this executive officer, who shall be free to carry into effect the judgments of courts. A part of his duty is the keeping of prisoners. But it is absurd for a man to be a keeper of prisoners, and, at the same time, a prisoner himself. The marshal is invested with the same powers, and subject to the same duties, in executing the laws of the United States, as sheriffs are, in executing the laws of individual states. (*d*) Both officers are governed by the same general principles, and both are entitled to the same protection.

It makes no difference, that the marshal, at this time, had no persons under his keeping in this particular prison. He might have prisoners in every other county in the state, and even in the same county in another prison. Such a reason was never thought sufficient to authorize the commitment of a sheriff.

2. The statute of *May*, 1794, expressly gives the marshal of this District the same authority in the keeping of prisoners in our gaols under the authority of the United States, as the sheriffs have under the authority of this state. (*e*) To the exercise of this authority *access* and *egress* are essen-

(*b*) *Kirby* 48.

(*c*) *Styles* 465, *Somes* v. *Sir John Lenthall, and* 475, *Plummer* v. *the same.*

(*d*) As to the authority of the marshal, see *Stat. U. S. vol.* 1. *p.* 65, *and vol.* 3, *p.* 191.

(*e*) *Stat.* 224, *edit.* 1796.

1806.

PARSONS
*v.*
STANTON.

tial; and are, therefore, necessarily implied. The statute cited also gives the marshal *the same liberty to use the gaols*, as sheriffs have. By the liberty of using a gaol cannot be meant the necessity of being a prisoner in it.

*R. Griswold*, and *Daggett*, for the defendants in error.

In this case, the only point made by the writ of error, is, whether the marshal of the District of Connecticut, may be imprisoned in the gaols of this state for debt?

The counsel for the plaintiff in error argue, that he may not be imprisoned,

1. From the nature of his office. His freedom from arrest and confinement is essential. The business of the public, which, by a variety of laws, is confided to him, would necessarily be neglected, by an imprisonment of the body of the marshal.

To this, it is sufficient to reply, that the general law of the land authorizes holding the body in gaol for debt.— To this there is no exception. No officer of the general or state governments is exempt. It might, indeed, be productive of much evil to confine officers of the revenue, judges of the courts, and legislators, in prison ;—the interest of the community might thereby be greatly injured, and the reputation of a government materially affected. It has been deemed sufficient to provide against such inconveniences, by a wise and judicious selection of officers. Nor is it to be presumed, that such evils will be of long duration, since the power of removal may remedy them.

2. Sheriffs cannot be committed to gaol, say the plaintiffs in error,—therefore the marshal cannot.

It is denied, that sheriffs may not be imprisoned. They cannot, indeed, be confined in the gaols of the counties of

which, by law, they are made keepers ; for this would be absurd. They cannot be compelled to imprison themselves. But there is no law to prevent their being imprisoned in other gaols. The case in *Kirby*, cited by our opponents, proves no more than what is now yielded. The case from *Styles' Rep*. 475 proves only, that the court of *King's Bench* would not commit a sheriff to the gaol of which he was the keeper.

It is further urged, that our statute has placed the marshal of the District, regarding all our gaols, upon the same footing, that the sheriff is placed, as to the gaol, of which he is keeper. We answer, no such construction can fairly be given to this statute. The legislature intended, as the words of the act fully shew, that the marshal of the United States, *quoad* the prisoners of the United States, should have the same authority in keeping them in our gaols, as our sheriffs have in keeping the prisoners of the state.— The marshal may confine a debtor, under the authority of the United States, in the gaol at Hartford, and be himself confined in the gaol at New-Haven, under the authority of this state, without any clashing of powers. If any other construction be given to the act under consideration, then our gaols are under the controul of an officer of the United States, over whom our government has no controul ; and, of course, he may defeat the execution of any civil or criminal process.

The judgment of the Court below, therefore, ought to be affirmed.

By the Court, unanimously,

The judgment was affirmed.